[No. 25111.  Department Two.  August 1, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS
FOSTER, *Appellant.*[1]

*John C. Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for
respondent.

TOLMAN, J.—Appellant was tried to a jury upon the
charge of forgery in the first degree.  A verdict of
guilty as charged was returned, and from a judgment
and sentence thereon this appeal has been taken.

Three errors are assigned:  (1) That the appellant
was erroneously required to answer a question pro-
pounded to him on cross-examination as to whether or
not he had cashed checks other than the one directly
in issue on the same day; (2) that a motion for a
directed verdict of not guilty was erroneously denied;

[1]Reported in 34 P. (2d) 1110.

and (3) that it was error to deny the motion for a new-trial. In the oral argument, appellant seems also to urge that there was misconduct on the part of the prosecuting attorney.

A study of the record convinces us that the state produced ample evidence to take the case to the jury.

The appellant took the witness stand in his own behalf, and after stating his age, his place of residence for eight years past, and similar introductory matter, he testified that he had been previously convicted of a crime; and then went on to say that, for a month preceding the day of the cashing of the check, he had been employed in cutting wood by a man named A. C. Walden (the payee named in the check involved); and that, on the day the check was dated, having need of the money due him from Walden, he sought and found Walden playing cards in a resort which Walden frequented, asked him for ten dollars and received from Walden the check in question drawn on an Everett bank signed "C. H. Wells," payable to A. C. Walden, for the sum of $11.50; that he took the check to a store in Everett and tendered it in payment for a small sack of flour, receiving, in exchange for the check, the flour and something over ten dollars in cash. The flour he gave to a lady who he said had theretofore provided meals for him, and ten dollars of the cash he immediately applied in making a down payment on a used automobile, with which he at once drove to Oregon, where he remained until apprehended.

On cross-examination, the following occurred:

"Q. You were previously convicted of grand larceny? MR. RICHARDS: Objected to as having already been answered. THE COURT: Of course he has already so stated. Q. Ever been in Fayette, Idaho? A. Yes. Q. Were you convicted of forgery in Fayette, Idaho? A. No sir. Q. Did you cash any other checks that day? MR. RICHARDS: Objected to as incompetent, ir-

relevant and immaterial. THE COURT: The objection is overruled. A. No sir. Q. Showing you State's Exhibit, examine that—ever see that before? A. No sir. Q. You didn't cash that check? A. No sir. . . . Q. I will ask you this question, if you did not on the 26th day of October 1932 cash a check for $8.15 drawn on the First National Bank of Everett payable to the order of James Harris signed George Morton, Route 1, Everett, Washington, and endorsed James Harris, Route 1, Everett? MR. RICHARDS: Objected to as incompetent, irrelevant and immaterial and not proper cross-examination. THE COURT: It has already been answered, the witness testified he did not cash any other check on that day. MR. MANSFIELD: That's all.''

Little need be said regarding the inquiry as to cashing other checks on the same day. Whether the overruling of the objection was right or wrong, the appellant unequivocally denied having cashed other checks, and if this was a collateral matter, the state was bound by his answer. We fail to see how the appellant could have been prejudiced by the question so answered.

There was no objection interposed to what immediately preceded or what immediately followed, so we pass on to the final question, which described a particular check for $8.15 signed by George Morton. The objection to this question was promptly sustained on the theory, apparently, that the state was bound by the answer to the previous question regarding the cashing of other checks, and the prosecutor at once acquiesced in the court's ruling.

While the prosecutor, had he taken time for reflection, might have realized that he had already foreclosed himself upon the subject of cashing other checks, yet the record reveals no attempt to drag in evidence over an adverse ruling, and no such an unfair attempt to prejudice by innuendo as to call for a reversal.

■ Many of the vital features of the defense were based upon appellant's own testimony, the truth of which was for the jury to determine. With no evidence before it as to the cashing of other checks, we cannot assume that the jury disregarded the instructions of the court and treated a rejected question as evidence of a fact.

The judgment is affirmed.

BEALS, C. J., BLAKE, GERAGHTY, and HOLCOMB, JJ., concur.